UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANDO GONZALEZ and OLIVIA GONZALEZ, his wife,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOTHAM ORGANIZATION INC., GOTHAM CONSTRUCTION COMPANY LLC; TJM INC. LLC; TJM DRILLING TOOLS AND EQUIPMENT INC.; RICHARD GOETTLE INC.; GOETTLE HOLDING COMPANY INC.; ABC CORP. 1-10 (said names being fictitious, real names unknown) and JOHN DOES 1-10 (said names being fictitious, real names unknown),<br><br>*Defendants.* | CIVIL ACTION<br>FILE NO.:<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

## THE PARTIES

1. At all times relevant hereto, the plaintiffs, Armando Gonzalez and Olivia Gonzalez, were and are residents and citizens of the State of New Jersey, residing at 152 Pennsylvania Avenue, Township of Woodbridge, County of Middlesex, and State of New Jersey, Zip Code 10018.

2. At all times relevant hereto, the defendant Gotham Organization Inc. was and is a New York Corporation with its principal place of business at 1010 Avenue of the Americas, City of New York, County of New York, and State of New York.

3. At all times relevant hereto, the defendant Gotham Construction Company LLC was and is a subsidiary of Gotham Organization Inc. and a New York Limited Liability Company with its principal place of business at 1010 Avenue of the Americas, City of New York, County of New York, and State of New York.

4.     At all times relevant hereto, the defendant TJM Inc. LLC was and is a Pennsylvania Corporation with its principal place of business at 2206 Todd Road, City of Aliquippa, County of Beaver, and State of Pennsylvania.

5.     At all times relevant hereto, the defendant TJM Drilling Tools and Equipment Inc. was and is a Pennsylvania Corporation with its principal place of business at 2206 Todd Road, City of Aliquippa, County of Beaver, and State of Pennsylvania.

6.     At all times relevant hereto, the defendant Richard Goettle Inc. was and is an Ohio Corporation with its principal place of business at 12071 Hamilton Avenue, City of Cincinnati, County of Hamilton, and State of Ohio.

7.     At all times relevant hereto, the defendant Goettle Equipment Company Inc. was and is an Ohio Corporation with its principal place of business at 12071 Hamilton Avenue, City of Cincinnati, County of Hamilton, and State of Ohio.

8.     At all times relevant hereto, the defendants ABC Corp. 1-10 are fictitious names for corporations presently unknown and unidentified.

9.     At all times relevant hereto, the defendants John Does 1-10 are fictitious names for persons presently unknown and unidentified.

## JURISDICTION AND VENUE

10.    Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. 1332 in that the parties are residents and citizens of different states and the matter in controversy exceeds the sum of $75,000.

11.    Venue is based on 28 U.S.C. 1391(a)(2) in that the event giving rise to the claim occurred in Brooklyn, New York.

## THE CAUSE OF ACTION

### COUNT ONE

12. On May 27, 2014, plaintiff Armando Gonzalez was in the course and scope of his employment as an operating engineer for Nicholson Construction Co., located at 12 McClane Street, Township of Cuddy, County of Allegheny, and State of Pennsylvania.

13. At the time and place aforesaid, plaintiff was working next to a machine called a Mudpuppy on a construction site located at 250 Ashland Place in the City of Brooklyn, County of Kings, and State of New York.

14. The Mudpuppy machine is utilized by the construction industry for the purposes of ground drilling and the recirculation and/or cleaning of mud and/or soil.

15. At the time and place aforesaid, plaintiff Armando Gonzalez suffered severe and permanent injuries when a hose which was not properly secured dislodged from the aforesaid Mudpuppy machine and struck him on the head.

16. At the time and place aforesaid and upon information and belief, defendants Gotham Organization Inc., Gotham Construction Company LLC, TJM Inc. LLC, TJM Drilling Tools and Equipment Inc., Richard Goettle Inc., Goettle Equipment Company Inc., ABC Corp. 1-10 (said names being fictitious, real names unknown), and/or John Does 1-10 (said names fictitious, true names presently unknown), was/were the general contractors/subcontractors with duties and responsibilities to oversee, supervise, coordinate, control, maintain and/or inspect all work and operations occurring at the aforementioned construction site and were responsible for the health, safety, and welfare of all workers on the site.

17. At all relevant times, defendants Gotham Organization Inc., Gotham Construction Company LLC, TJM Inc. LLC, TJM Drilling Tools and Equipment Inc., Richard Goettle Inc.,

Goettle Equipment Company Inc., ABC Corp. 1-10 (said names being fictitious, real names unknown), and/or John Does 1-10 (said names fictitious, true names presently unknown), through its agents, servants, and/or employees, negligently, carelessly, and/or recklessly owned, operated, controlled, maintained, coordinated, supervised and/or inspected the construction site and the machinery on the site so as to allow a dangerous condition to exist, thereby causing plaintiff to sustain severe and permanent injuries.

18.    At all relevant times, defendants Gotham Organization Inc., Gotham Construction Company LLC, TJM Inc. LLC, TJM Drilling Tools and Equipment Inc., Richard Goettle Inc., Goettle Equipment Company Inc., ABC Corp. 1-10 (said names being fictitious, real names unknown), and/or John Does 1-10 (said names fictitious, true names presently unknown), failed to keep the aforesaid Mudpuppy machine in a safe and proper working condition, failed to correct a dangerous condition of the aforesaid Mudpuppy machine, and/or failed to warn plaintiff of an unsafe and/or dangerous condition of the aforesaid Mudpuppy machine.

19.    As a direct and proximate result of the negligence, carelessness and/or recklessness of the defendants as aforesaid, plaintiff Armando Gonzalez has suffered serious and permanent personal injuries; he has suffered and will in the future suffer great pain and mental anguish; he has and will in the future be forced to expend large sums of money for medical care and treatment of his injuries; he has lost and will in the future lose large sums of money in the form of lost wages; and he has and will in the future be unable to pursue his normal daily activities as before.

WHEREFORE, plaintiffs Armando Gonzalez and Olivia Gonzalez demand judgment against the defendants either jointly, severally, or in the alternative, for damages together with interest and costs of suit.

## COUNT TWO

20. Plaintiffs Armando Gonzalez and Oliva Gonzalez hereby repeat the allegations contained in Paragraphs one through nineteen (1-19) above and make the same a part hereof by reference thereto.

21. At all relevant times, defendant John Does 1-10 (said names fictitious, true names presently unknown), was/were agents, servants and/or employees of defendants Gotham Organization Inc., Gotham Construction Company LLC, TJM Inc. LLC, TJM Drilling Tools and Equipment Inc., Richard Goettle Inc., Goettle Equipment Company Inc., and/or ABC Corp. 1-10 (said names fictitious, true names presently unknown), and as such, defendants Gotham Organization Inc., Gotham Construction Company LLC, TJM Inc. LLC, TJM Drilling Tools and Equipment Inc., Richard Goettle Inc., Goettle Equipment Company Inc., and/or ABC Corp. 1-10 (said names fictitious, true names presently unknown), are responsible for the actions of their agents, servants and/or employees under a theory of *Respondeat Superior*.

22. At all relevant times, John Does 1-10 (said names fictitious, true names presently unknown), negligently, carelessly and/or recklessly owned, operated, controlled, maintained, coordinated, supervised, and/or inspected the aforesaid Mudpuppy machine so as to cause severe and permanent injuries to plaintiff Armando Gonzalez.

23. As a direct and proximate result of the negligence, carelessness and/or recklessness of the defendants ABC Corp. 1-10 (said names fictitious, true names presently unknown) and/or John Does 1-10 (said names fictitious, true names presently unknown), plaintiff Armando Gonzalez was caused to sustain severe and permanent injuries.

24. As a direct and proximate result of the negligence, carelessness and/or recklessness of the defendants as aforesaid, plaintiff Armando Gonzalez has suffered serious and permanent

personal injuries; he has suffered and will in the future suffer great pain and mental anguish; he has and will in the future be forced to expend large sums of money for medical care and treatment of his injuries; he has lost and will in the future lose large sums of money in the form of lost wages; and he has and will in the future be unable to pursue his normal daily activities as before.

WHEREFORE, plaintiffs Armando Gonzalez and Olivia Gonzalez demand judgment against the defendants either jointly, severally, or in the alternative, for damages together with interest and costs of suit.

### COUNT THREE

25. Plaintiffs repeat the allegations contained in paragraphs one through twenty-four (1-24) above and make the same a part hereof by reference thereto.

26. At all times relevant hereto, plaintiff Olivia Gonzalez was and is the lawful wife of plaintiff Armando Gonzalez, and as such, is entitled to his services, society, and consortium.

27. As a direct and proximate cause of the negligence of the defendants as aforesaid, and the resultant injuries to plaintiff Armando Gonzalez, plaintiff Oliva Gonzalez became deprived of the services, society and consortium of plaintiff Armando Gonzalez.

**WHEREFORE**, plaintiffs Armando Gonzalez and Olivia Gonzalez demand judgment against defendants enter jointly, severely, or in the alternative, together with interest and cost of suit.

## JURY DEMAND

The Plaintiff demands a trial by jury.

                              GILL & CHAMAS, L.L.C.
                              655 Florida Grove Road
                              P.O. Box 760
                              Woodbridge, New Jersey 07095
                              (732) 324-7600
                              Attorneys for Plaintiff

                              By: _____
                                    DAVID LANDE, ESQUIRE

DATED: 2/4/16